IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | |
|---|---|
| JESUS JESSE GONZALEZ,<br>TDCJ-CID No. 01991684,<br><br>Plaintiff,<br><br>v.<br><br>BRYAN COLLIER *et al.*,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§   2:19-CV-009-Z-BR<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

Before the Court is Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983 against the above-referenced Defendants (ECF No. 3) ("Complaint"), filed January 14, 2019. Plaintiff filed suit *pro se* while incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff was granted permission to proceed *in forma pauperis*. For the reasons discussed herein, the Court **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE**.

### FACTUAL BACKGROUND

Plaintiff claims he and his brother, Andy Gonzalez, were incarcerated together at a TDCJ facility in 2018. ECF No. 3 at 4. On October 15, 2018, Plaintiff received word that his brother Andy died of a heart attack while incarcerated. *Id.* Plaintiff claims he heard from other inmates in his brother's unit that his brother had requested medical help the day he died but his request was ignored. *Id.* Plaintiff brings a claim for deliberate indifference to *his brother's* medical needs.

**LEGAL STANDARD**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

**ANALYSIS**

The constitutional rights of an incarcerated person — whether he is a pretrial detainee or a convicted prisoner — may be violated if his serious medical needs are met with deliberate indifference on the part of penal authorities. *See Thompson v. Upshur County*, 245 F.3d 447, 457 (5th Cir. 2001); *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). However, Plaintiff does not allege that he *personally* has ever been denied such medical care. Plaintiff lacks standing to

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

pursue a claim on behalf of another person — even his brother. *See Reeves v. Collins*, No. 94-10182, 1994 WL 559050, at *2 (5th Cir. Sept. 23, 1994).

### CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), the Court **ORDERS** Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE** as frivolous.

**SO ORDERED**.

February 18, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE